861 F.2d 265
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Elisabeth PHILLIPS, an infant who sues by her next friend,
Kimberly B.S. Phillips, James F. Phillips,
Kimberly B.S. Phillips, Plaintiffs-Appellants,
v.
Pamela DAY, James W. Day, an infant, Defendants-Appellees,
and
Mother's Helper, Inc., Defendant.
 No. 88-2808.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 23, 1988.
Decided Sept. 23, 1988.
 
 Thomas B. Shuttleworth, Shuttleworth, Ruloff, Giordiano and Kahlt.
 Linda L. Laibstain, Hofheimer, Nusbaum, McPhaul & Brenner for appellants.
 Before MURNAGHAN and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This action was originally commenced in Virginia state circuit court in 1987 by appellants Elisabeth Phillips, an infant suing by her next friend, Kimberly B.S. Phillips, and by James F. Phillips and Kimberly Phillips on her own behalf. The original motion for judgment named as defendants Mother's Helper, Inc., Pamela Day, and James W. Day, an infant, and asserted breach of contract and warranty, negligence and intentional assault and battery arising out of James Day's alleged sexual assault of Elisabeth Phillips. Following removal of the case to federal court pursuant to diversity of citizenship jurisdiction, and the voluntary dismissal of Mother's Helper, a trial resulted in jury verdicts for the plaintiffs.
 
 
 2
 The parties thereafter moved the court to approve a settlement whereby the defendants would pay the plaintiffs $198,529.40 in full settlement of claims which were, or which could have been, asserted in the motion for judgment in favor of the infant plaintiff Phillips. The proposed settlement provided that the plaintiffs' attorneys, Thomas Shuttleworth and Linda Laibstain, and their respective law firms, would receive $8,000 in expenses plus 40% of the total $198,529.40 settlement ($79,411.76). In addition, the attorneys would receive 40% ($10,588.24) of the $26,470.60 to be paid to the plaintiff parents under the agreement.
 
 
 3
 At two hearings conducted in March and April, 1988, the district court approved the settlement, with the exception of the 40% contingency fee as applied to the sum due Elisabeth Phillips. The court entered an order allowing one-third instead of 40% of the infant's share as reasonable compensation ($66,176.46). In limiting the fee to one-third, the court cited: (1) the reduced effort required to prepare the case as a result of a similar case which had been successfully litigated by the attorneys; (2) the court's duty to promote the interests of the infant plaintiff; (3) statutory limitations on attorneys' fees in other kinds of cases; and (4) a rule followed in federal district courts in Virginia limiting to one-third the amount of attorneys' fees allowable in asbestos cases involving infants. The court noted that it was impossible to assess a per-hour fee, as there was no evidence as to the number of hours expended by the attorneys. The attorneys appeal, with the plaintiffs below as the nominal appellants. We affirm.
 
 
 4
 On appeal, the attorneys contend that the district court's refusal to honor the 40% contingency fee agreement constituted an abuse of discretion. Using the factors cited in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.1974), the attorneys argue that the 40% contingency fee was not unreasonable and that the court's order disallowing the fee was "not focused on counsel representing the Phillipses or the services rendered in [the] case ... [but was] focused on a principle [the district judge] wish[ed] to enforce." Brief of Appellants, at 21.
 
 
 5
 The district court had the authority to limit to one-third the allowable contingency fee to be paid to the plaintiffs' attorneys. See Rosquist v. Soo Line R.R., 692 F.2d 1107 (7th Cir.1982); Allen v. United States, 606 F.2d 432, 435-36 (4th Cir.1979); Cappel v. Adams, 434 F.2d 1278 (5th Cir.1970). Although the court did not explicitly rely upon Johnson in reducing the allowable fee, the court adequately took into account those factors contained in the record relevant to the fee's reasonableness. Our review of the record convinces us that the district court did not abuse its discretion in reducing the fee, and we therefore affirm the court's order.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid significantly our resolution of the issues.
 
 
 7
 AFFIRMED.